**COAL RUN PROCESSING, Plaintiff,**

v.

**COLUMBIA NATURAL RESOURCES, INC., Defendant.**

**No. CIV. A. 98–310.**

United States District Court, E.D. Kentucky.

Dec. 14, 1998.

Phil A. Stalnaker, Pikeville, KY, for Plaintiff.

Gregory L. Monge, VanAntwerp, Monge, Jones & Edwards, Ashland, KY, for Defendant.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court on cross-motions for summary judgment [Record Nos. 7, 10]. In the alternative to summary judgment, Plaintiff has moved this Court to remand the above-styled action to Pike Circuit Court [Record No. 7]. Fully briefed, this matter is ripe for decision. The Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The dispute in the above-styled action involves whether Defendant, a lessee of 200 hundred acres of property owned by the plaintiff and located in Pike County, Kentucky, has reasonably developed said property with regard to an oil and gas lease originating in 1925. Plaintiff argues that the defendant is required under the lease to develop more than just the single oil well that has existed on said property since 1930. Defendant states, however, that it is not obligated to drill more than one well under the lease. Additionally, the defendant argues that the statute of limitations and the doctrine of laches bars Plaintiff from bringing this suit.

### CONCLUSIONS OF LAW

On November 14, 1935, Lydia Hatfield, whom Plaintiff refers to as its predecessor, requested development of said property beyond one gas well. Said request was declined on December 6, 1935 by Warfield Natural Gas Company, assignee of said property. On January 13, 1937, Attorney Andrew E. Auxier, on behalf of Lydia Hatfield requested development beyond the one gas well. Warfield Natural Gas Company again declined to drill an additional well in a memorandum dated January 15, 1937.

*Sapp v. Massey*, 358 S.W.2d 490 (Ky.1962), states that a landowner has the right to forfeit a lease if the lessee breaches "the implied covenant to develop the property diligently and prudently." *Id.* at 492–93. The landowner must first demand that the lessee conform to the covenant within a reasonable time. *Id.* at 493.

■ The demand and refusal in the case at bar first occurred in 1935. It was at this point that the statute of limitations began to run. K.R.S. 413.090 governs this lease transaction and provides Plaintiff with a fifteen year period in which to bring a breach of covenant claim. Said statute of limitations expired in 1950. Plaintiff in this case did not file a cause of action until June 12, 1998, well beyond the expiration of the statute of limitations. As a result, Plaintiff is barred from pursuing a cause of action against the defendant for breach of the alleged implied covenant and the above-styled action must be dismissed by this Court.

■ Plaintiff argues that because the defendant continually breached the implied covenant by refusing to drill an additional well, the statute of limitations has not expired. This argument must fail. The Court does not view the refusal to drill an additional well as a continuous breach in order to toll the statute of limitations. A violation of a contractual provision on multiple occasions is different from a pattern of prohibited discriminatory behavior, or similar action, which the Sixth Circuit has determined is a continuing violation of one's rights. *See Held v. Gulf Oil Co.*, 684 F.2d 427 (6th Cir.1982); *Cf. Vandiver v. Hardin County Bd. of Educ.*, 925 F.2d 927 (6th Cir.1991)(holding that a school's adherence to a discrete decision is not a continuing violation of plaintiff's right). Plaintiff cannot evade the expiration of the statute of limitations in this matter.

Plaintiff has also failed to state a single meritorious reason as to why this matter should be remanded to the Pike Circuit Court. This Court properly has jurisdiction over the above-styled action pursuant to 28 U.S.C. § 1332.

Accordingly,

**IT IS ORDERED:**

(1) That Plaintiff's motion for summary judgment or in the alternative to remand to state court be, and the same hereby is, **DENIED.**

(2) That Defendant's motion for summary judgment be, and the same hereby is, **GRANTED.**